UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT DINESO ANDRILLION, | No. 2:13-cv-1537 AC P |
| Petitioner, | |
| v. | ORDER |
| MIKE MCDONNELL, | |
| Respondents. | |

     Petitioner, a state prisoner, has filed a document styled as a petition for writ of habeas corpus in which he seeks relief for alleged violations of his constitutional rights. Petitioner has also filed a motion to proceed in forma pauperis and has consented to jurisdiction by United States Magistrate Judge.

     Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

     Petitioner presents two grounds for relief: he claims he was denied his constitutional right to access the courts and that he was denied due process of law when the prison failed to send a piece of his outgoing mail.[1] These claims are not properly brought in a habeas corpus action.

////

---

[1] These grounds are designated grounds three and four. A page from the petition appears to be missing in which petitioner may have alleged additional grounds for relief.

1

1    Federal law opens two main avenues to relief on complaints related to imprisonment: a
2 petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act
3 of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983.  <u>Muhammad v. Close</u>, 540 U.S. 749, 750
4 (2004) (per curiam).  Challenges to the validity or duration of confinement are the province of
5 habeas corpus.  <u>Preiser v. Rodgriguez</u>, 411 U.S. 475, 500 (1973).  Challenges to conditions of
6 confinement are properly brought in an action under 42 U.S.C. § 1983.  If petitioner wishes to
7 assert a claim that he was denied his right to access the courts and denied due process, he must
8 file a separate action under 42 U.S.C. § 1983 and pay the $350.00 filing fee.  If petitioner cannot
9 afford to pay the filing fee outright, he may seek to proceed in forma pauperis concurrently with
10 any civil action that he files.

11    Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for
12 summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
13 any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the
14 instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to
15 federal habeas relief.  Therefore, the petition should be summarily dismissed.

16    In accordance with the above, IT IS ORDERED that:
17    1.  Petitioner's motion to proceed in forma pauperis is granted;
18    2.   The petition for a writ of habeas corpus is summarily dismissed; and
19    3.  For the reasons explained above, the court declines to issue the certificate of
20        appealability referenced in 28 U.S.C. § 2253.
21 DATED: September 6, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//andr1537.dism

2